**Ronda MORGANSTEIN, etc., et al., Plaintiffs,**

v.

**Edward N. ESBER, Jr., et al., Defendants.**

**No. CV 89-3614 AWT.**

United States District Court, C.D. California.

July 15, 1991.

---

Leonard Barrack, Barrack, Rodos & Bacine, Sherrie R. Savett, Berger & Montague, P.C., Philadelphia, Pa., Ernest T. Kaufmann, Kaufman, Malchman, Kaufmann & Kirby, Los Angeles, Cal., David B. Gold, Reed Kathrein, David B. Gold, a Professional Law Corp., San Francisco, Cal., Roger W. Kirby, Kaufman, Malchman, Kaufmann & Kirby, New York City, for plaintiffs.

David Siegel, Wayne M. Barsky, Irell & Manella, M. Randall Oppenheimer, O'Melveny & Myers, Jeffrey S. Gordon, Christopher Murphy, Kaye, Scholer, Fierman, Hays & Handler, Los Angeles, Cal., for defendants.

## MEMORANDUM ORDER RE ATTORNEYS' FEES AND COSTS

TASHIMA, District Judge.

This is a certified class action alleging securities fraud with respect to the common stock of Ashton–Tate Corporation. The court has approved a class settlement of $10.8 million, together with interest thereon accrued since February 19, 1991. Counsel for the class now seek attorneys' fees and costs.[1]

In *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.1989), this Circuit adopted a percentage fee award as an alternative to the lodestar method of calculating an award of attorneys' fees in class actions where the award is made from a common fund. *Paul, Johnson* further established 25 percent as the "benchmark" for such awards. *Id.* Here class counsel ask for an award of 25 percent of the gross settlement amount, or $2.7 million, plus costs of $616,576.42, for a total of $3,316,576.42.[2] No objection has been made to the request for fees and costs. The court will largely grant the request. However, as explained below, some limitations will be placed thereon.

First, all firms have submitted as "costs" certain items which the court believes should be absorbed as normal overhead in a percentage fee case, whatever the percentage. These include paralegal expenses and a "word processing" or similar charge. Paralegals should be treated just like associates or other salaried professionals. Their compensation is included in the percentage fee. In fact, in lodestar applications, class counsel have uniformly included paralegal hours in their fee applications together with attorney hours.[3] Word processing is a sub-category of secretarial or clerical expense, nothing more, nothing less. While the court is aware that it is fashionable for many firms which bill by the hour separately to bill, or attempt to bill, a word processing charge, again, in a common fund percentage fee case, the

---

1. The class is represented by five law firms. They are:
   Barrack, Rodos & Bacine ("Barrack, Rodos");
   Berger & Montague, P.C.;
   David B. Gold, P.C.;
   Kaufman, Malchman, Kaufmann & Kirby ("Kaufman, Malchman"); and
   Milberg, Weiss, Bershad, Spechrie & Lerach ("Milberg, Weiss").

These firms are collectively referred to as "class counsel."

2. Counsel also seeks interest on any award of fees and costs from February 19, 1991.

3. The primary reason for doing so in a lodestar application is so that the lodestar award against which a multiplier is commonly sought will be larger.

court believes that this cost should be included in the overhead built into the percentage fee, just like any other in-house clerical expense.

For the foregoing reasons, the court disallows the following items of claimed costs:

| | | |
|---|---|---|
| Barrack, Rodos: | | |
| Paralegal Expense | $42,975.00 | |
| Reproduction/Word Processing | 1,662.87[4] | |
| Subtotal | | $44,637.87 |
| Berger & Montague:[5] | | |
| Paralegals | $ 4,268.00 | |
| Subtotal | | 4,268.00 |
| David B. Gold: | | |
| Paralegal | $44,208.75 | |
| Word Processing | 1,779.46 | |
| Subtotal | | 45,988.21 |
| Kaufman, Malchman: | | |
| Special secretarial/clerical | $ 8,287.62 | |
| Paralegals | 39,943.41 | |
| Subtotal | | 48,231.03 |
| Milberg, Weiss: | | |
| Special sec./word processing | $14,264.89 | |
| Paralegal | 42,098.75 | |
| Subtotal | | 56,363.64 |
| TOTAL OF DISALLOWED COSTS | | $199,488.75 |
| Total of Costs Claimed | | $616,576.42 |
| Less, Disallowed Costs | | −199,488.75 |
| NET COSTS AWARDED | | $417,087.67 |

Second, the request for costs is documented in only the grossest sense. For example, one firm simply lists "Travel" as a line item for $25,693.21, without further explanation.[6] The court is in no position to assess the reasonableness of these claimed costs. The court has no idea whether, for example, the common fund is being charged for air travel at coach rates or first class, or whether hotel accommodations are spartan, lavish or somewhere in between. Just as importantly, the court cannot, certainly on this submission, judge whether too many plaintiffs' attorneys attended any deposition or court hearing involving travel costs. Rather than attempt minutely to examine these expenditures, the court believes that the proper way to control them is to award the percentage fee on the net award to the class, that is after

---

4. Since the court recognizes "reproduction" as a legitimate cost. It disallows only one-half of this item.

5. This firm does not claim a word processing fee.

6. All other firms have a similar one-line entry.

deduction of costs.[7] This will, in a sense, prevent the class from being "double charged" for costs, *i.e.*, paying the costs and also paying 25 percent of such costs as attorneys' fees. It will also give class counsel a small incentive to keep such costs at reasonable levels because where, as here, there are more than one firm representing the class, all counsel will have an incentive to insure that their co-counsel to not incur unreasonable costs. This is so because each dollar of costs awarded to co-counsel will result in a smaller net award which, in turn, will result in a smaller award of attorneys' fees. Counsel will also know that they will not make a "profit" on such costs.

As stated, *Paul, Johnson* establishes 25 percent as the benchmark for common fund cases. There are no factors in this case which persuade the court to depart, either upward or downward, from the benchmark. Therefore, the court will award to class counsel as reasonable attorneys' fees a sum equal to 25 percent of the settlement amount received by the class, net of the costs awarded to class counsel, as follows:

| | |
|---|---|
| Class settlement | $10,800,000.00 |
| Less, costs awarded to counsel | −417,087.67 |
| Net class settlement | $10,382,912.33 |
| 25% of net settlement | $2,595,728.08 |

Class counsel shall also receive their aliquot share of accrued interest from February 19, 1991, to the date of distribution on both fees and costs.

IT IS ORDERED that class counsel are awarded $2,595,728.08 as reasonable attorneys' fees and $417,087.67 as costs, together with interest accrued thereon from February 19, 1991, at the rate actually earned by the Settlement Fund, to the date of distribution, from the Settlement Fund in this action.

Inasmuch as class counsel have indicated that they are able amicably to allocate this award amongst themselves, this order does not do so. However, the court reserves

jurisdiction to resolve any allocation disputes between class counsel that may arise.

gross award or on the award net of costs.

---

**7.** *Paul Johnson* does not address the issue of whether the percentage fee is to be based on the