### In re IMMUNEX SECURITIES LITIGATION.

### No. C92–548WD.

United States District Court,
W.D. Washington,
at Seattle.

Aug. 29, 1994.

Lynn Lincoln Sarko, Keller Rohrback, Seattle, WA, for Frank Laumer.

Anthony D. Shapiro, Rohan, Goldfarb & Shapiro, Seattle, WA, for Darmex Indus. Corp. Profit Sharing Trust, Maurice Rozenlum, and Nancy F. Sachs.

Steve W. Berman, Hagens & Berman, Seattle, WA, for Christopher S. Merriam–Leith, Howard B. Sirota, Bruce Murphy, Steven Ackerman, Martin Deutch, Daniel S. Choy, M.D. Pension Fund, Howard Rosen, Marsha Rubin, I.R.A. and Kurt Bailey.

John H. Bright, Lynn Lincoln Sarko, Keller Rohrback, Seattle, WA, for Frank Copeland and Cecil McGavern.

Steven Bert Frank, Frank & Rosen, Seattle, WA, for Henry Cole and Joanne Cole.

Ronald L. Berenstain, Perkins Coie, Seattle, WA, for Immunex Corp., Steven Gillis, Stephan Duzan, Michael L. Kranda, Kirby L. Cramer, C. Richard Kramlich and defendant Michael L. Kranda.

## ORDER ON MOTION FOR AWARD OF ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES

DWYER, District Judge.

### I. INTRODUCTION

Following notice and hearing in accordance with Fed.R.Civ.P. 23, this securities class action has been settled for a compromise payment of $14,000,000. *See* Order of Dismissal With Prejudice (July 18, 1994) (Dkt. # 331). Counsel for the plaintiffs and class members now apply for an award of attorney fees, and reimbursement of litigation expenses, to be paid from the common fund. The notice sent to the class members advised them that the fee applied for would not exceed 30% of the settlement fund, plus interest earned thereon at the same rate interest is earned on the settlement fund. The statement in the notice referred to the gross settlement fund before deduction of litigation expenses. In response to this court's practice of awarding percentage contingent fees based on the net recovery after expenses, counsel have amended their application to seek 33⅓% of the net. The application as first filed showed only the percentage sought and the litigation expenses; it did not set forth counsel's hours of work performed or customary hourly rates. This additional information, which permits a "lodestar" computation, has now been provided at the court's request.

### II. STANDARD TO BE APPLIED

No class member has objected to the fee request. Counsel have performed capably and have managed the work so as to avoid duplicative effort among the several firms on the plaintiffs' side. The court must nevertheless be careful to protect the interests of the settlement fund beneficiaries. As stated in *In re WPPSS Litigation*, 19 F.3d 1291, 1302 (9th Cir.1994):

> Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common

fund, the district court must assume the role of fiduciary for the class plaintiffs.

The fee awarded must be reasonable under the circumstances. *Id.* at 1295–96. In making the decision the court in a common fund case has discretion to use either the lodestar method or the percentage method. *Id.* The Ninth Circuit has summarized these approaches, and how they should be used, as follows:

> Under the lodestar/multiplier method, the district court first calculates the "lodestar" by multiplying the reasonable hours expended by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986). The court may then enhance the lodestar with a "multiplier," if necessary, to arrive at a reasonable fee. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891 (1984). Under the percentage method, the court simply awards the attorneys a percentage of the fund sufficient to provide plaintiffs' attorneys with a reasonable fee. *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir.1989). Whether a court applies the lodestar or the percentage method, "we require only that fee awards in common fund cases be *reasonable* under the circumstances." *Florida v. Dunne,* 915 F.2d 542, 545 (9th Cir.1990) (emphasis added). Because a reasonable fee award is the hallmark of common fund cases, and because arbitrary, and thus unreasonable, fee awards are to be avoided, neither method should be applied in a formulaic or mechanical fashion.

*Id.* at 1294, n. 2.

The court's duty in this area corresponds to counsel's duty to their clients. In the State of Washington, for example, the canons of professional ethics require that "[a] lawyer's fee shall be reasonable." Washington Rule of Professional Conduct 1.5(a).

In the present case the lodestar method will be used as a cross-check on the percentage method, as often must be done to assure a fair and reasonable result. *See In re WPPSS,* 19 F.3d at 1296–98.

## III. PERCENTAGE METHOD BASED ON NET RECOVERY AFTER DEDUCTION OF LITIGATION EXPENSES

For many years the plaintiffs' bar in this district customarily charged contingent fees as a percentage of the net recovery, i.e., the amount remaining after litigation expenses (costs of depositions, document copying, travel, expert witnesses, and so on) were reimbursed. That is still true of some firms but others now charge contingent fees based on the gross recovery. The difference is important, because the latter approach can result in a disproportionately high fee, or even in one which wipes out the client's recovery altogether.[1]

The American Bar Association Action Commission to Improve the Tort Liability System, in recommending that fees be based on the net, has stated:

> Clients rarely think about the difference between net and gross recoveries when they enter contingent fee agreements (or indeed even when a case is settled), and the difference can be quite substantial and seriously affect the ratio of the plaintiff's recovery to that of the attorney.

American Bar Association, Report of the Action Commission to Improve the Tort Liability System 26 (1987).

For these reasons, some jurisdictions now require that percentage contingent fees relate to net awards, not gross. The United States District Court for the Eastern District of Texas, for example, has adopted the following provision:

> Expenses incurred by attorneys that are directly related to the costs of litigation of individual cases shall be deducted from the award or settlement before any calculation or distribution is made for attorneys' fees.

---

1. For example, suppose that a contingent-fee case produced a disappointing award of $900,000 after $600,000 of litigation expense. If a one-third fee were charged against the gross, the lawyer would get $300,000 and the client would get nothing. If the fee were based on the net, the client would get $200,000 and the lawyer $100,000.

No deduction is permitted for general office overhead expenses.

Civil Justice Expense and Delay Reduction Plan (E.D.Tex.1991), at Article Five.

Similarly, the State of Michigan provides by court rule that "[t]he amount [of the final fee] shall be computed on the net sum recovered after deducting from the amount recovered all disbursements properly chargeable to the enforcement of the action." Mich. Ct.R. 8.121(C).

A number of reported decisions have awarded fees as a percentage of the gross, without discussing and apparently without considering the alternative. *See, e.g., Torris v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir.1993); *Six Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir.1990). But a contingent fee is justified as a sharing of the benefit the lawyer has achieved for the client; and that consists, in turn, not of amounts paid to deposition reporters and hotels and airlines, but of what remains after such expenses. Thus the better approach, where the court is exercising discretion to award a reasonable fee, is that taken in *Morganstein v. Esber,* 768 F.Supp. 725, 727–28 (C.D.Cal.1991), i.e., "to award the percentage fee on the net award to the class, that is after deduction of costs." As the *Morganstein* court noted, this also encourages diligence in controlling expenses; the lawyer and the client share the goal of maximizing the net recovery.

## IV. REIMBURSEMENT OF EXPENSES, INCENTIVE AWARD TO CLASS REPRESENTATIVES, AND COMPUTATION OF FEE BY PERCENTAGE METHOD

The record substantiates $501,840.76 in plaintiffs' litigation expenses, plus $443,356.18 in experts' fees and costs, making total out-of-pocket expenses of $945,196.94.

■ Plaintiffs also seek a $25,000 incentive award to be divided among the eleven class representatives whose lawsuit obtained benefits for their fellow shareholders. Such an award is proper, *see, e.g., In re Dun & Bradstreet Credit Services Customer Litigation,* 130 F.R.D. 366 (S.D.Ohio 1990), and is hereby approved.

■ The addition of $25,000 to the expense items summarized above makes a total of $970,196.94 to be deducted from the gross recovery of $14,000,000. The net recovery is thus $13,029,803.06.

Counsel's request for 33⅓% of that amount would yield a fee of $4,342,833, a figure higher than the maximum of 30% of the gross mentioned in the notice to class members. Under the circumstances of this case, an appropriate fee would be 30% of the *net.* The resulting fee of 30% of $13,029,803.06, or $3,908,940.90, should be checked by the lodestar method to make sure it is reasonable.

## V. LODESTAR COMPUTATION WITH MULTIPLIER

The declarations and other materials filed by plaintiffs' counsel show that their fees for work done on this case, if charged at current hourly rates, would come to $2,463,752.70. The rates, which vary considerably according to counsel's age, experience, and geographic location, will be accepted for purposes of this order. Nothing in the record suggests that any of the hours claimed should be disallowed. The lodestar is thus $2,463,752.70.

Counsel for the class took a major risk in handling this litigation on a contingency basis. To restrict counsel to the hourly rates they customarily charge for non-contingent work—where payment is assured—would deprive them of any financial incentive to accept contingent-fee cases which may produce nothing. Counsel are therefore entitled to a multiplier for risk. *See In re WPPSS,* 19 F.3d at 1301–02. The fee produced by the percentage method, above, is equivalent to the lodestar figure multiplied by about 1.6. A multiplier of 1.6 would be reasonable in this case.

## VI. CONCLUSION

For the reasons stated, it is ordered that:

1. Counsel for plaintiffs and the class are awarded reimbursement of litigation expenses in the amount of $945,196.94;

2. The eleven named plaintiffs are granted an incentive award totalling $25,000;

3. Counsel for plaintiffs and the class are awarded a total fee equal to 30% of the net recovery after deduction of litigation expenses and the incentive award, i.e., 30% of $13,029,803.06;

4. The recipients of the above-awarded items will be entitled to their proportionate shares of interest earned by the settlement fund from and after the date of this order; and

5. The amounts awarded will be paid upon the expiration of the time for appeal from this order, or when any appeal is concluded, whichever is later.